UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GUZMAN,

    Petitioner,

v.

    Civil No. 2:08-cv-13767

    HONORABLE STEPHEN J. MURPHY, III

JEFFERY WOODS,

    Respondent,
    _____/

**OPINION AND ORDER DENYING MOTIONS FOR THE APPOINTMENT OF COUNSEL AND FOR AN EVIDENTIARY HEARING** (docket nos. 4, 5, 6, 7, 8, 9, 10)

    Petitioner John Guzman filed a petition for writ of habeas corpus with this Court on September 3, 2008, seeking the issuance of a writ pursuant to 28 U.S.C. § 2254. In his *pro se* application, Mr. Guzman challenges his conviction and sentence for third-degree criminal sexual conduct and being a second felony habitual offender. Respondent filed an answer to the petition on March 11, 2009.

    On April 29, 2009, Mr. Guzman filed a motion to amend his petition to add three claims that he raised in his appeal of right but which he inadvertently omitted from his initial petition for writ of habeas corpus. On August 18, 2009, this Court granted petitioner's motion to amend the petition for writ of habeas corpus and gave respondent additional time to file a supplemental answer to the amended petition.

    Before the Court are Mr. Guzman's motions for the appointment of counsel and for an evidentiary hearing. For the reasons stated below, the motions are **DENIED WITHOUT PREJUDICE.**

**A.  The Motion for the Appointment of Counsel**

Mr. Guzman has requested the appointment of counsel to assist him with his petition for writ of habeas corpus.

There is no constitutional right to counsel in habeas proceedings. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B) (A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require."). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Id.* at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, Mr. Guzman has filed a petition for writ of habeas corpus that raises ten claims for relief and a forty page brief in support of the petition for writ of habeas corpus. Mr. Guzman has also attached numerous exhibits to his petition, including his state appellate court briefs. Mr. Guzman has also filed a thirty eight page amended petition for a writ of habeas corpus which raises three additional claims. Mr. Guzman has the means and ability to present his claims to the Court. Furthermore, until this Court reviews all of the pleadings and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the motion for appointment of counsel will be denied without prejudice. Mr. Guzman's motion will be reconsidered if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

**B. The Motions for an Evidentiary Hearing**

Petitioner has also filed six separate motions for an evidentiary hearing on his various claims.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

It is within the district court's discretion to determine whether a habeas petitioner is

3

entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

Accordingly, the motions for an evidentiary hearing will be denied without prejudice because the Court has not yet reviewed the pleadings and the Rule 5 materials in this case. Without reviewing these materials, the Court is unable to determine whether an evidentiary hearing on Mr. Guzman's claims is needed. Once the Court receives the respondent's answer and reviews the Rule 5 materials, the Court will be in a better position to determine whether an evidentiary hearing is necessary to resolve the claims raised in the petition for writ of habeas corpus. Accordingly, the Court denies the motions for an evidentiary hearing. The Court will reconsider Mr. Guzman's motion if, following receipt of the responsive pleading and review of the Rule 5 materials, the Court determines that an evidentiary hearing is necessary.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that based upon the foregoing, the motion for the appointment of counsel [docket no. 4] and the motions for an evidentiary hearing [docket nos. 5, 6, 7, 8, 9, and 10] are **DENIED WITHOUT PREJUDICE.**

**SO ORDERED**.

4

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated:  September 22, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager